Vik Pawar, Esq.
30 Vesey Street, Suite 900
New York, New York 10007
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

TIESHA DELATORRES,

        Plaintiff,

-against-

CARIBBEAN SPOTLIGHT INC. A/K/A
CLUB CARIBBEAN CITY D/B/A "THE BUZZ",
JUDE LOUIS-JEAN, KEITH BEY, PATRICK
SMITH, MAPLE REALTY MGT., THE CITY OF
NEW YORK, LT. STEVE WEISS, P.O. ROBERT
VANNESS, P.O. PAUL MARCONI, P.O. MICHAEL
PIPER, P.O. JAMAYNE ANTHONY, P.O. JANEL
HOWARD, P.O. ELI EVANS, SGT. CARLOS
FIGUERO, JOHN AND JANE DOES, 1-10, ET AL.,

        Defendants.
----------------------------------------------------------------X

**FIRST AMENDED COMPLAINT**

12 CV 1244 (NGG) (JO)

    Plaintiff TIESHA DELATORRES (hereinafter "Plaintiff") by and through her attorney, Vik Pawar, Esq., respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983, 1985 and 1988 for violations of her civil rights, as secured by statutes and the Constitution of the State of New York and the United States.

## JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §§1983, 1985 and 1988, and the First, Fourth, Eighth and Fourteenth Amendments to the United States and New York Constitutions and under New York state laws.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## CONDITIONS PRECEDENT

6. Plaintiff has duly complied with conditions precedent to the lawsuit by duly and properly filing a notice of claim within ninety (90) days of the occurrences of the events giving rise to her lawsuit.

## PARTIES

7.      Plaintiff is a citizen of the United States, and at all relevant time resident in the County of Queens, State of New York.

8.      Defendant City of New York (hereinafter "City") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.      Defendant New York City Police Department (hereinafter "NYPD") is an agency that is controlled and operated by the City and is duly organized and formed by defendant City under and by virtue of the laws of the State of New York.

10.     Defendants Vanness, Marconi, Piper, Anthony, Howard, Evans are Police Officers with the NYPD and are assigned to the 71st precinct at the time when plaintiff's claims arose. They are sued in their individual and official capacities.

11.     Defendant Weiss is a Lieutenant at the 71st precinct and was the supervisor at the scene that gave rise to plaintiff's claims and is sued in his individual and supervisory capacities.

12.     Defendant Figuero is a Sergeant at the 71st precinct and was a supervisor at the time that gave rise to plaintiff's claims and is sued in his individual and supervisory capacities.

13. Upon information and belief, defendant Caribbean Spotlight, Inc. a/k/a Club Caribbean City, Maple Realty Management, d/b/a "The Buzz" (hereinafter "The Buzz") is a corporation registered to and doing business in the County of Kings, State of New York.

14. Defendants Jude Louis-Jean, Keith Bey and Patrick Smith are/were employees of the Buzz at the time of the incidents giving rise to plaintiffs claims and derive substantial revenue from the defendant corporate entities.

15. Defendants John and Jane Does are yet to be identified and the yet to be named individual defendants are employees of defendant City, the Buzz and other government entities and are sued in their individual and official capacities.

## FACTS

16. On October 16, 2011, around 11 p.m., plaintiff a 20 year old female entered the Buzz nightclub located at 103 Empire Boulevard, Brooklyn, New York.

17. Plaintiff was thoroughly checked by male bouncers defendants Louis-Jean and Bey.

18. Plaintiff is about 5'3" tall and weighs approximately 110 pounds, whereas defendants are about 6'10" and weighed over 300 pounds. Both defendants and other bouncers did not ask for plaintiff's identification ( a clear violation of law) and let her inside the club, Buzz.

19. Once inside the club, plaintiff was able to order drinks from an employee of the Buzz (another violation of the law) and she consumed an alcoholic beverage.

20. At approximately 4 a.m., when the club was closing, plaintiff and her friend proceeded towards the exit and were retrieving their coats from the coat-check.

21. Plaintiff gave her ticket and was waiting for her coat when she noticed that her friend was arguing with one of the defendant bouncer. At that time, some unknown person pushed plaintiff's friend into the bouncer Louis-Jean and Bey and they immediately pounced on plaintiff's friend and used a tazer gun on plaintiff's friend (an unlawful act to possess or use a tazer gun in the City of New York).

22. When plaintiff protested the excessive use of force on her friend defendant Louis-Jean and Bey unlawfully tazered plaintiff and repeatedly punched her. Plaintiff who is petite and was tiny in stature compared to the defendant bouncers collapsed on the ground.

23. At some point, the police were called and the individual defendants except Figueroa arrived on the scene and spoke with the defendant bouncers.

24. Without inquiring with plaintiff and her friend and refusing to discuss their side of the story, defendant Weiss directed the named police officers to place plaintiff under arrest. The arrest was delegated to defendant Vanness.

25. Against police procedures, none of the NYPD defendants inquired into why the underaged plaintiff was let inside the club, why she was served alcohol or why the defendant bouncers illegally possessed and used their tazer guns.

26. NYPD defendants also failed to check whether the individual defendant bouncers had a valid license to be security personnel at the Buzz.

27. Despite the foregoing facts, the NYPD defendants selectively enforced the law and arrested plaintiff.

28. Plaintiff's injuries were clearly visible and her complaints to arrest the defendant bouncers, the NYPD defendants denied her Equal Protection by failing to investigate her allegations and arrest the defendant bouncers.

29. When plaintiff was brought to the 71st precinct, she once again voiced her concerns about the law being selectively being applied to her and the NYPD defendants denying her equal protection. Plaintiff also asked defendant Figueroa for assistance in filing a complaint and repeatedly requested medical attention.

30. Defendant Figueroa was deliberately indifferent to her requests and ignored and refused to help plaintiff.

31. Plaintiff was then falsely charged with violating:
(a). Penal Law 120.00(1)-assault in the 3rd degree;
(b). Penal Law 120.14(1) – menacing in the 2nd degree;
(c). Penal Law 265.01(2)-criminal possession of a weapon 4th degree;
(d). Penal Law 120.15- menacing in the 3rd degree;
(e). Penal Law 240.26(1) – harassment in the 2"d degree.

32. Plaintiff was taken to central booking where, once again, she was denied medical treatment even though she was suffering from excruciating pain from being tazered and beaten.

33. Plaintiff was held for over three (3) days in Central Booking and released and all the charges against her were eventually dropped.

34. To this day, plaintiff has permanent scars and suffers from emotional damages form the incident.

## AS AND FOR A FIRST CAUSE OF ACTION
(Fourth Amendment-Excessive Force/False Arrest)

35. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. There was no probable cause for the unlawful seizure, detention, arrest or the continued incarceration and as such it resulted in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments. In addition, the force used on plaintiff by the defendants was excessive and beyond reasonable.

37. As a result of the aforementioned conduct of defendants, Plaintiffs constitutional right to be free from unreasonable search and seizure violated and he sustained physical injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of Rights under the Fourteenth Amendment-Due Process-Malicious Prosecution)

38.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39.     The defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment. The actions by defendants deprived the substantive and procedural due process afforded to plaintiff and in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments and caused plaintiff to be maliciously prosecuted.

40.     As a result of the foregoing, Plaintiff was deprived of her liberty and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(Selective Enforcement)

41.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. Defendants' conduct by ignoring violations caused by the co-defendant bouncers and bartender was willful and in doing so they selectively enforced the criminal statutes against plaintiff by placing her under arrest.

43. Had the NYPD defendants done the most cursory of investigations they would have found that the Buzz, the defendant bouncers and the bartender violated several serious laws by allowing and serving an underage person, using tazers which are unlawful to possess, not being licensed security guards as required by the City of New York. Yet they chose to willfully ignore these violations and selectively arrested plaintiff on minor charges that were eventually dismissed.

44. As a result of defendants' conduct, plaintiff suffered injuries.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Conspiracy under 42 U.S.C. 1985)

45. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Defendants conspired with one another to hide the facts of the event in question. Defendants fabricated evidence, doctored video-tapes and falsified sworn testimony in an effort to get plaintiff arrested and prosecuted and to cover their illegal actions.

47. As a result of defendants' conduct, plaintiff suffered injuries.

## AS AND FOR THE FIFTH CAUSE OF ACTION
(Denial of Equal Protection)

48. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "I" through "47" with the same force and effect as if fully set forth herein.

49. The NYPD defendants by ignoring plaintiff's pleas to investigate the Buzz and their employees and by failing to substantiate her claims to the injuries she suffered at the hands of the defendant bouncers who used an illegal weapon, denied her the equal protection that is guaranteed to her by the Constitution.

50. As a result of the NYPD defendants' conduct, plaintiff suffered injuries.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Supervisory Liability)

51. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "I" through "50" with the same force and effect as if fully set forth herein.

52. Defendants Weiss and Figueroa in their supervisory capacities failed to supervise their sub-ordinate officers in that they failed to ensure that plaintiff's rights guaranteed under the constitution were protected and in turn, ignored the conduct of the Police Officers and in fact tacitly affirmed their unlawful behavior.

53. As a result of NYPD defendants' conduct, plaintiff suffered injuries.

## AS AND FOR A SEVENTH CAUSE OF ACTION

(*Monell*/Municipal Liability and Corporate liability)

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. Defendants the City of New York and Buzz, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States. The aforementioned customs, policies, usages, practices, procedures and rules of the City and Buzz, included, but were not limited to, detaining innocent citizens without charging them with a crime without due process. In addition, the City and Buzz engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees, allowing them to use tazer guns, turning a blind eye to underage drinking, which was the moving force behind the violation of Plaintiff rights as described herein.

56. As a result of the failure of the City and Buzz to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein. The foregoing customs, policies, usages, practices,

procedures and rules of the defendants constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff and were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiff as alleged herein.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "I" through "56" with the same force and effect as if fully set forth herein.

56. Upon information and belief, defendants City and Buzz failed to use reasonable care in the screening, hiring and retention of the aforesaid individual defendants who conducted and participated in the violation of Plaintiff's rights.

### AS AND FOR A NINETH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "I" through "56" with the same force and effect as if fully set forth herein.

58. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendants and their employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A TENTH CAUSE OF ACTION
(Respondeat Superior liability under the laws of the State of New York)

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. Defendant City and Buzz are vicariously liable for the acts of their employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

61. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62. As a result of the foregoing, Plaintiff was placed in apprehension of imminent harmful and offensive bodily contact.

63. As a result of defendants' conduct, Plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A TWELVTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

64. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. Defendants made offensive contact with Plaintiff without privilege or consent.

66. As a result of defendants' conduct, Plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Intentional and Negligent Infliction of Emotional Distress under the laws of New York)

67. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

69. The aforementioned conduct was committed by defendants while acting within the scope of their employment.

70. The aforementioned conduct was committed by defendants while acting in furtherance of their employment.

71. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to Plaintiff.

72. As a result of the aforementioned conduct, Plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Deprivation of Rights under the Eighth Amendment)

73. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74. Defendants' conduct of refusing much needed medical treatment to plaintiff caused plaintiff to suffer unnecessarily and prolonged her pain.

75. Defendants were deliberately indifferent to plaintiff's medical needs and housed her under horrendous conditions so as to constituted cruel and inhume treatment and punishment.

76. As a result of defendants' conduct, plaintiff suffered injuries.

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount Five Hundred Thousand Dollars for each and every cause of action for plaintiff against defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C ) reasonable attorney's fees and the costs, expenses and disbursements of the action; and

(D) piercing the corporate veil;

(E) such other and further relief as appears just and proper.

Dated: New York, New York
July 24, 2012

>                              Vik Pawar, Esq.
>                              30 Vesey Street, Second Floor
>                              New York, New York 10007
>                              (212) 571-0805
>
>                              By: /s/ Vik Pawar
>                              Vik Pawar (VP9101)
>                              Attorney for Plaintiff